UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                    :

PHILIP WAYNE DORTON                       :          Chapter 7

          Debtor                          :
*************************************************************************

KEVIN R. McCARTHY                         :

          Appellant                       :

vs.                                       :          Case No. 1:05-cv-01409
                                                     Judge Gladys Kessler
BMW BANK OF NORTH AMERICA                 :

          Appellee                        :

*************************************************************************

**APPEAL FROM U.S. BANKRUPTCY COURT**

———————————

**BRIEF OF APPELLEE**

———————————

Ronald G. DeWald
LIPSHULTZ AND HONE, CHARTERED
Suite 108 - Montgomery Center
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 587-8500
**Attorneys for Appellee,**
**BMW Bank of North America**

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Basis of Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Applicable Standard of Appellate Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    THE UNIQUE WORDING OF D.C. CODE § 50-1202 COMPELS A
      CONCLUSION THAT THE COMMON LAW RULES OF PERFECTION
      AND PRIORITY APPLY IN THE PERIOD BEFORE A CERTIFICATE OF
      TITLE IS OUTSTANDING AND THE PERTINENT U.C.C. PROVISIONS DO
      NOT CONTRADICT THIS CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   COMMENT NO. 5 TO D.C. CODE § 28:9-311 DOES NOT SUPPORT THE
      TRUSTEE'S POSITION THAT THERE IS AN UNPERFECTED GAP
      PERIOD PRIOR TO ISSUANCE OF A CERTIFICATE OF TITLE UNDER
      THE DISTRICT'S CERTIFICATE OF TITLE STATUTE . . . . . . . . . . . . . . . . . 10

III.  THE TRUSTEE'S ARGUMENT THAT THE BANKRUPTCY COURT
      INCORRECTLY FAILED TO DISTINGUISH BETWEEN THE U.C.C. AS A
      SOURCE OF PRIORITY RULES AND D.C. CODE § 50-1202 AS THE
      SOURCE FOR PERFECTION RULES IS INCORRECT . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Addendum Containing Statutes Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Addendum 1

# TABLE OF AUTHORITIES

**Cases**:

Albert v. Nissan Motor Acceptance Corp. (In re Waiters),
Civil No. 02-1588 (RWR) (D.D.C. July 12, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

District of Columbia v. Franklin Inv. Co.,
404 A.2d 536 (D.C. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Farnham,
57 B.R. 242 (Bankr.D.Vt. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

McCarthy v. Imported Cars of Md., Inc. (In re Johnson),
230 B.R. 466 (Bankr.D.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statues:**

A.R.S. §§ 28-2131  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A.R.S. §§ 28-2133  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A.C.A. §§ 27-14-801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A.C.A. §§ 27-14-805 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C.R.S.A. §§ 42-6-120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C.R.S.A. §§ 42-6-121 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

De.St.Tit. 21 §2337 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D.C. Code § 28:1-103(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D.C. Code § 28:9-308 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

D.C. Code § 28:9-308(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

D.C. Code § 28:9-311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9-12, 16

D.C. Code § 28:9-311(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

D.C. Code § 28:9-311(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7-9, 13

D.C. Code § 28:9-311, cmt. n.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 10-11

D.C. Code § 28:9-317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12, 14

D.C. Code § 28:9-317(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D.C. Code § 28:9-317(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

D.C. Code § 50-1201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

D.C. Code § 50-1201(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.C. Code § 50-1201, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 13

D.C. Code § 50-1202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7-16

D.C. Code § 50-1203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.C. Code § 50-1501.1(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.C. Code § 50-1501.2(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

F.S.A. § 319.27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hi.St. § 286-52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Id.St. § 49-510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.C.§ 9-17-2-11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.C.A. § 321.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii

Ks. St. § 23-4, 146 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ne. St. § 60-110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.R.S. § 482.423 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.J.S.A. § 39:10-11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.D. St. § 35-01-05.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

R.C. § 4505.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

O.R.S. § 803.097 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

75 Pa.C.S.A. §§ 1106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

75 Pa.C.S.A. §§ 1132.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

S.D.C.L. § 32-3-41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

T.C.A. § 55-3-126 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.C.A. 1953 §§ 41-1a-604 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.C.A. 1953 §§ 41-1a-605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Va.Code Ann. §§ 46.2-636 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Va.Code Ann. §§ 46.2-637 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

West Virginia, W.Va. Code §§ 17A-4A-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

West Virginia, W.Va. Code §§ 17A-4A-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 U.S.C. § 547(e)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF BASIS OF APPELLATE JURISDICTION

Appellee BMW Bank of North America ("BMW Bank") adopts appellant's statement of the basis of appellate jurisdiction.

## STATEMENT OF ISSUES PRESENTED

1.      Whether the unique wording of D.C. Code § 50-1202 compels a conclusion that the common law rules of perfection apply in the period before a certificate of title is outstanding and the pertinent U.C.C. provisions do not contradict this conclusion.

2.      Whether Comment No. 5 to D.C. Code § 28:9-311 supports the Trustee's position that there is an unperfected gap period prior to issuance of a certificate of title under the District's certificate of title statute.

3.      Whether the Trustee's argument that the Bankruptcy Court incorrectly failed to distinguish between the U.C.C. as a source of priority rules and D.C. Code § 50-1202 as the source for perfection rules is incorrect.

## STANDARD OF APPELLATE REVIEW

Appellee adopts the appellant's statement of the standard of appellate review.

## STATEMENT OF THE CASE

Appellee adopts the appellant's statement of the case.

1

**ARGUMENT**

I.    <u>The unique wording of D.C. Code § 50-1202 compels a conclusion that the common law rules of perfection apply in the period before a certificate of title is outstanding and the pertinent U.C.C. provisions do not contradict this conclusion.</u>

The Trustee acknowledges that the sole area of dispute with the Bankruptcy Court's opinion is whether, under the law of the District of Columbia, a creditor may perfect a security interest in a motor vehicle prior to the issuance of a certificate of title noting the creditor's security interest.    As will be discussed below, the Trustee misses a critical fact - that the District of Columbia certificate of title statute,   D.C. Code § 50-1202 is unique.   That section provides in pertinent part:

> **During the time a certificate is outstanding** for any motor vehicle. .  .  no lien against such motor vehicle...shall be valid except as between the parties and as to other persons having actual notice, unless and until entered on such certificate as hereinafter set forth. . . .  The filing provisions of Article 9 [of the Uniform Commercial Code] do not apply to liens recorded as herein provided, and a lien has no greater validity or effect **during the time a certificate is outstanding** for the motor vehicle. . .covered thereby by reason of the fact that the lien has been filed in accordance with that article. (Emphases added).

Research has disclosed that the precise wording of this statute, specifically the bolded words, is different from statutes in other jurisdiction and compels a different result - that there is provision for perfection in a motor vehicle by resort to traditional common law principles prior to issuance of the certificate of title.  As the Bankruptcy Court has stated: "As a matter of District of Columbia law, it is 'axiomatic that a prior lien gives a prior legal right ('first in time, first in right'), except where statute varies the common law rule."  Opinion at p. 5, quoting, <u>District of Columbia v. Franklin Inv. Co.</u>, 404 A.2d 536, 540 (D.C. 1979).  It is this "first in time, first in right" principle that gives BMW

2

Bank a prior legal right over the Trustee as to its security interest in the Debtor's vehicle. This right attached and was perfected upon the Debtor's taking possession of the car. This overarching principle will become clear in the course of the discussion in the succeeding pages of this brief.

The Trustee is correct that the Debtor's car is personal property covered by Article 9 of the Uniform Commercial Code. The Trustee is not correct in arguing that provisions of the U.C.C., in conjunction with the District's certificate of title scheme (termed the DMV Statute by the Trustee) leave no room for application of common law principles. D.C. Code § 28:9-311(b) does provide, with inapplicable exceptions, that "a security interest in property subject to a statute... described in subsection (a) [which refers to D.C. Code § 50-1201, et seq.] may be perfected only by compliance with those requirements..." The area of divergence is that the Trustee views the phrase "may be perfected only by compliance with those requirements" too narrowly. His view is that "those requirements" refers to the language in Section 50-1202 relating to notation of the security interest on the certificate of title. While the Trustee is correct in stating that the state title laws are part of the Article 9 perfection system, he misses the salient point in the case of the District of Columbia title law - that the common law is incorporated into that statute. We explain.

The Trustee speaks of the interaction of the U.C.C. and the DMV Statute on page 5 of his brief. It is this interaction, he writes that provides the exclusive means of perfection through the specific language of D.C. Code § 28:9-311. However, there is a triumvirate of laws at play. It is the interaction of the U.C.C., the DMV Statute and common law that govern the determination of

perfection and priority before that time that a certificate of title is outstanding.  This is because Section 50-1202 explicitly only provides for the method of perfection "during the time a certificate is outstanding".  In every case of automobile financing there will be a time prior to that time that a certificate of title is outstanding.  Yet, as in this case, there will be instances where a delay occurs in the issuance of the certificate and the secured party, through no fault of its own, will suffer consequences that would not have occurred absent the delay.  Some legislatures have enacted legislation to close this "gap" by providing, _inter alia_, that perfection occurs upon delivery of a duly executed application for certificate of title.  The Trustee points out on page 12 of his brief that Comment no. 5 to Section 9-311 of the U.C.C. recommends such legislative action.  The District of Columbia has not amended its statute.  It is the Bankruptcy Court's view found on page 20 of the Opinion, a view shared by BMW Bank, that because of the nature of the language of the District statute and the fact that perfection occurs prior to the issuance of a certificate of title, the Comment is inapplicable in this jurisdiction.  (We will return to discussion of the Comment below).

Other legislatures, as we will see, have expressly ignored that period of time prior to notation of the security interest on the certificate by providing, by explicit language, that the method of notation as perfection of a security interest in motor vehicles is exclusive.  By contrast, there is nothing in the District's titling statute that makes the notation method exclusive from the moment that a security interest attaches at the time the debtor takes possession of the vehicle.[1]

---

[1]     The attachment of the security interest occurs when the debtor acquires rights in the property by possession, that is when the vehicle is delivered to the Debtor.  Opinion,

The Trustee relies greatly on his unsupported conjecture that

> It would be **remarkable** if, out of all of the jurisdictions in the country, the District of Columbia were the **only jurisdiction** in which, despite passage of the Uniform Commercial Code and a motor vehicle statute covering the perfection of security interests, the common law controlled the perfection of a security interest from the moment of purchase until the issuance of a certificate of title.

Trustee's Brief at p. 10 (emphases added).

The Trustee quotes a passage from a law review article, quoted in In re Farnham, 57 B.R. 242 (Bankr.D.Vt. 1986) and by the Bankruptcy Court in its opinion at page 24 that, as of 1984 there were twenty-two states and the District of Columbia that have enacted certificate of title systems that make the perfection event either the indication of a lien on the certificate of title or the issuance of a certificate with such an indication.    The article mentions two other systems - one that marks perfection upon delivery of the appropriate papers and fee and the other, the "dual" system that employs both the filing of a financing statement and the use of certificates of title.    The Trustee surmises from this that the debate is whether a security interest is perfected upon delivery of title application or upon issuance of the certificate, not whether common law applies to the time before issuance.    The Trustee continues:

> Under the Bankruptcy Court's view, however, the District of Columbia falls into none of the three schemes referred to in the Oklahoma Law Review article cited by the court in Farnham because the District of Columbia allows the common law to provide the applicable body of law for perfection of a security interest before a certificate of title is issued.    Again, it would be **remarkable** if this really were the case.

---

p. 3, n.2, citing McCarthy v. Imported Cars of Md., Inc. (In re Johnson), 230 B.R. 466, 468-469 (Bankr.D.C. 1999).

"Remarkable" may not be an appropriate test for statutory construction. However, when the statutes do not say the common law applies, when the statutes says [sic] they are the exclusive means of perfection, and when the result of applying the common law leads to a result **unique** among all of the common law jurisdictions in the Untied States, one must wonder if the proper statutory construction has been employed.

Trustee's Brief at p. 11 (emphases added).

Counsel for BMW Bank undertook to research the "indication" statutes that the Oklahoma law review article noted were extant, as of 1984, in twenty two states and the District.[2] It should be noted that some of these states have since amended their statutes and have adopted the delivery scheme, or some variation thereof. However, in none of those statutes is there language that states that "during the time a certificate is outstanding for any motor vehicle" no lien shall be valid unless and until entered on the certificate. Research indicates that this statute is unique, and given the fact that only the District uses this scheme it is rather remarkable, as well. However, the Bankruptcy Court's construction of the statute is not based on a test directed by the "remarkable" or "unique" nature of the District titling statute. It is governed by the precise language of the statute itself. It is

---

[2]    The statutes reviewed are: Arizona, A.R.S. §§ 28-2131 and 2133; Arkansas, A.C.A. §§ 27-14-801 and 805; Colorado, C.R.S.A. §§ 42-6-120 and 121; Delaware, De.St.Tit. 21 §2337; Florida, F.S.A. § 319.27; Hawaii, Hi.St. § 286-52; Idaho, Id.St. § 49-510; Indiana, I.C.§ 9-17-2-11; Iowa, I.C.A. § 321.50; Kansas, Ks. St. § 23-4, 146; Nebraska, Ne. St. § 60-110; Nevada, N.R.S. § 482.423; New Jersey, N.J.S.A. § 39:10-11; North Dakota, N.D. St. § 35-01-05.1; Ohio, R.C. § 4505.13; Oregon, O.R.S. § 803.097; Pennsylvania, 75 Pa.C.S.A. §§ 1106 and 1132.1; South Dakota, S.D.C.L. § 32-3-41; Tennessee, T.C.A. § 55-3-126; Utah, U.C.A. 1953 §§41-1a-604 and 605; Virginia, Va.Code Ann. §§ 46.2-636 and 637; West Virginia, W.Va. Code §§ 17A-4A-1 and 3.

6

the Trustee that ignores the precise language of Section 50-1202 and, instead, attempts to contort this language by comparing it to other dissimilar statutes, presumably unread, that, when actually read, confirm that the District's language is unique and requires a unique construction. The debate in other jurisdictions may center on perfection upon delivery of a title application versus issuance of a certificate of title with notation of a security interest, but in the District of Columbia the debate is correctly focused on whether perfection, by common law principles, is accomplished prior to delivery or indication on and issuance of a certificate of title.

The Trustee states at page 6 of his brief that "the failure of the DMV Statute to provide for the perfection of a security interest in a consumer-purchased car prior to the issuance of a certificate of title is dispositive of this appeal". In so concluding he quotes D.C. Code § 28:9-311(b), providing that a security interest in property subject to, inter alia, Section 50-1202 may be perfected only by compliance with those requirements. The Trustee reasons that if the only way to perfect a security interest in an a vehicle is to comply with Section 50-1202 and if that statute imposes requirements only upon issuance of the certificate of title, then it is impossible to perfect a security interest in a vehicle prior to issuance of the certificate.

The problem with the Trustee's proposition is his statement that Section 50-1202 imposes requirements only upon issuance of the certificate of title. Again, the Trustee takes too narrow a view of the statute. The words "during the time the certificate is outstanding" make it clear that the requirements for perfection by noting the security interest on the certificate apply only during that

time.  Unlike other statutes such as those in Oregon and Arizona where the legislature has expressly

provided that the titling law's method of perfection is exclusive, the District statute is eloquently silent

on the question of exclusivity and on articulating any methods of perfection during the period of time

prior to the time that the certificate is outstanding.  Congress and the D.C. Council could have

amended the statute by taking up the U.C.C. drafters' invitation in Comment No. 5 to Section 9-311

to amend the legislation and transform it into a perfection upon delivery law, or the statute could have

been amended to express the exclusivity of Section 50-1202's perfection method.[3]  Instead, the D.C.

Council and Congress have done neither.   The Bankruptcy Court was correct in concluding that

there was no need to do either because the common law was not displaced, in this regard, by the

U.C.C.  Under principles found in D.C. Code § 28:1-103(b)[4], the common law was adequately and

---

[3]     The Trustee argues at page 7 of his brief that the DMV Statute and the U.C.C., together, "say they are the exclusive means to perfect a security interest in a car." That is not precisely correct.  Section 9-311(b) states that such a security interested may be perfected only by compliance with the requirements of Section 50-1202. However, as discussed throughout this brief, the latter provision makes no mention of perfection requirements prior to the time that the certificate of title is outstanding or exclusivity of the explicit method of perfection contained in the titling statute. However, if by exclusive one reads the common law principle of "first in time, first in right" into that pre-issuance period referred to in Section 50-1202 then one could accurately state that together the DMV Statute (with its incorporation of the common law) and the U.C.C. say they are the exclusive means to perfect a security interest in a car.

[4]     Section 1-303(b) provides in part: "Unless displaced by the particular provisions of the [U.C.C.], the principles of law and equity...supplement its provisions."  The Official Comment that the Trustee quotes on page 9 of his brief, draws a distinction between "supplement" and "supplant".  Given the studied silence of Section 50-1202 concerning the period prior to the issuance of a certificate of title, the Bankruptcy

appropriately incorporated into both Section 50-1202 and U.C.C. provisions such as Section 9-311.

In other words, the provisions of Section 50-1202 are incorporated into the U.C.C. scheme of perfection and priority of security interests, to some extent, by operation of Section 9-311(a) and (b). Section 50-1202 provides requirements for perfection only during the time a certificate of title is outstanding and thereby, by reasonable implication, establishes no requirements for perfection prior to issuance of the certificate. Thus, Section 50-1202 and the U.C.C., by way of incorporation of that section through 9-311, have not displaced the common law method of perfection upon attachment through the debtor's possession of the vehicle and, in this way, that common law method of perfection is incorporated into the titling statute and the U.C.C. and supplements both. As the Bankruptcy Court held at pages 18-19 of its Opinion:

> Section 50-1201 could have expressly provided that prior to issuance of a certificate of title, to take priority over a judicial lien a security interest must have satisfied the common law requirement that it attached first in time to the car. If the statute had expressly so provided, McCarthy would be unable seriously to contend that BMW had failed to comply with the certificate of title statute's perfection requirements. Instead, by not displacing the common law rule and leaving it intact, §50-1201 et seq. implicitly provide that prior to issuance of a certificate of title, the only required step to perfect a security interest in a car is the common law requirement. Compliance with the common law requirement, whether expressly or implicitly set forth by § 50-1201 et seq., constitutes compliance with the requirements of those statutory provisions. Accordingly, the security interest was perfected under UCC § 9-311(b)

---

Court was right in stating that the common law supplies the answer during that period. The common law does not supplant a statute that is pointedly silent on this issue, it supplements it.

9

by reason of complying with the common law requirement.[5]

II.    Comment No. 5 to D.C. Code § 28:9-311 does not support the Trustee's position that there is an unperfected gap period prior to issuance of a certificate of title under the District's certificate of title statute.

The Trustee, as noted above, argues that the drafters of the U.C.C. in Comment No. 5 to Section 9-311 recommended a legislative amendment to motor vehicle statutes that provide for perfection by notation of an issued certificate of title. They recommend enactment of laws that provide for perfection upon receipt of an application for a certificate of title. The D.C. statute has not been amended. Again, as noted above the Bankruptcy Court concluded that the Comment was inapplicable to D.C. Code § 50-1202 because common law perfection occurs prior to the issuance of the certificate of title. The Trustee argues that the Bankruptcy Court is engaged in the wrong debate and the Comment in the right debate. In other words, the question should be, as the Comment discusses, whether perfection occurs upon delivery of an application or issuance of a certificate of

---

[5]    The Trustee argues on page 5 of his brief that the Bankruptcy Court incorrectly relied "on Section 9-308(c) - the continuous perfection provision of the U.C.C. - to support its conclusion that the perfection of BMW Bank's security interest in the Debtor's car by notation on the certificate of title was merely the substitution of one method of perfection (certificate) for another (common law) without interruption". The Trustee argued that common law perfection was not a method under the U.C.C. and, therefore, Section 9-308(c) did not apply to provide continuous perfection of BMW Bank's security interest. As thoroughly discussed in the preceding pages, the common law method of perfection of a security interest in a motor vehicle prior to issuance of a certificate of title is a method under the U.C.C. because it is contemplated by Section 50-1202's scheme of perfection and is, thereby, incorporated into the U.C.C. by operation of Section 9-311. The Trustee's attempt to establish that BMW Bank's security interest was not continuously perfected fails.

10

title, not whether the common law applies to decide the perfection question prior to issuance of the certificate. The Trustee concludes that the U.C.C., through its comments, does not even contemplate perfection prior to completion of statutorily provided perfection schemes, absent a relation back provision.

However, as noted above, the District's statutory language is unique. The debate is, indeed, different in the District as a direct result of the legislatures' use of this language. Clearly, the drafters of the U.C.C. did not contemplate this unique statute and did not address concerns with regards to its language when they drafted their Official Comments. The Bankruptcy Court is correct in holding that Comment No. 5 is simply inapplicable to the District of Columbia titling statute.

III.    The Trustee's argument that the Bankruptcy Court incorrectly failed to distinguish between the U.C.C. as a source of priority rules and D.C. Code § 50-1202 as the source for perfection rules is incorrect

The Trustee correctly states that the U.C.C. establishes the rules of priority for perfected security interests and that the U.C.C., through Section 9-311 refers to the titling statute, Section 50-1202 for perfection requirements. Again, the Trustee correctly cites Section 9-317(a)(2)(A) for the applicable priority rule: a security interest is subordinate to the rights of a person that become a lien holder before the security interest is perfected. The Trustee is also correct in stating that a perfected security interest trumps a later arising judicial lien and that there is no exception in Section 9-317 for security interests in cars. The Trustee, again, is correct is stating that "priority frequently depends on perfection". Where the Trustee missteps is in his conclusion that the common law principle of

11

"first in time, first in right" has no place here. Section 9-317 does not define perfection. The U.C.C. leaves that, in the case of motor vehicles, to the jurisdictions' statutes, in this case Section 50-1202. As stated repeatedly in this brief, that latter section contemplates, by its precise language, the reference to common law to determine perfection during that period of time before the statutes' own expressed perfection method applies. Contrary to the Trustee's comments on page 15 of his brief, the applicability of the common law in this way does not make Section 9-311's reference to compliance with Section 50-1202 as the exclusive means of perfection and Section 9-317's list of priority rules superfluous. The common law, the U.C.C. and the certificate of title statute all work together to provide protection, through perfection, to the creditor in motor vehicle transactions. Nor is there an absolute distinction between the U.C.C.'s priority rules and the priority that naturally comes with common law perfection. In this case, the common law perfection rule, working through both Section 50-1202 and U.C.C. Section 9-311 requires a finding that by virtue of BMW Bank's attainment of perfection of its security interest at the moment that the Debtor took possession of the vehicle, the Bank also had priority over subsequent liens, pursuant to both the U.C.C.'s Section 9-317 and the common law principle. As the Trustee wrote, "priority frequently depends on perfection".

Contrary to the Trustee's arguments, the Bankruptcy Court recognized the distinct roles of Section 50-1202 and the common law rule (perfection) together with Section 9-317 (priority) in the context of motor vehicle financing. The Bankruptcy Court also recognized that priority may be assigned by both the U.C.C. and common law. As the Bankruptcy Court had written at pages 18-19

of its Opinion with regard to perfection: "§50-1201 et seq. implicitly provide that prior to issuance of a certificate of title, the only required step to perfect a security interest in a car is the common law requirement. Compliance with the common law requirement, whether expressly or implicitly set forth by § 50-1201 et seq., constitutes compliance with the requirements of those statutory provisions. Accordingly, the security interest was perfected under UCC § 9-311(b) by reason of complying with the common law requirement."   As for the priority rules, the Bankruptcy Court wrote on pages 10 and 11 of its Opinion:

> With respect to the relative priority of a security interest and a lien creditor's rights (which include those of a judicial lien as described by § 547(e)(1)(B)),9 UCC § 9-317(a) provides in relevant part:
>
>> (a) A security interest . . . is subordinate to the rights of:

. . .

>>> (2) Except as otherwise provided in subsection (e), a person that becomes a lien creditor before the earlier of the time:
>>>
>>>> (A) The security interest . . . is perfected[.]
>
> The court concludes below that from the moment the debtor took possession of the car, BMW's security interest was "perfected" as that term is used in the UCC—one of the UCC ways for a security interest to attain priority over a judgment lien—and hence was "perfected" as that term is used in § 547(e)(1)(B).
>
> Thus, the Bankruptcy Court recognized the respective, distinct, roles of the U.C.C., the titling

statute and the common law.[6]

---

[6]      The Trustee on pages 15 and 16 of his brief makes reference to the Bankruptcy Court's initial opinion and comments regarding priority of liens perfected under

13

The Trustee, as he did below, raises an additional reason for finding that there is no place for common law perfection during the time prior to the issuance of a certificate of title. The Trustee, while "readily acknowledg[ing] the oddness of a statutory scheme in which the application for title could be submitted immediately without the lender receiving preference protection", nevertheless opposes the Bankruptcy Court's conclusion that the common law's "first in time, first in right" rule remedies that "oddness". The Trustee argues that under the Court's approach there is no time limit in which a secured party must apply for, or have issued, a certificate of title noting its interest in order to achieve statutory perfection protection. While there may be no time limit, in the sense that once perfected under the common law, the lender's security interest in the motor vehicle could, theoretically and without reference to the certificate of title and statutory scheme creating perfection by notation, last in perpetuity. However, the common law interim perfection is not achieved in a vacuum. The lender runs the very real risk that once the purchaser of the vehicle receives his

---

Section 50-1202 to subsequent judicial liens. The Trustee attempts to portray the Bankruptcy Court's position as one where Section 9-317(a)(2)(A) has no place in deciding priority between these competing liens. But the Trustee fails to address the Bankruptcy Court's final position on this question. In fact, in the Bankruptcy Court's final opinion, it looks to Section 9-317 for the priority rules and in footnote 9 readily acknowledges that the term "lien creditor" used in that provision includes the holder of a judicial lien. While it is true that the Bankruptcy Court, at pages 19 and 20 of its Opinion, states that the common law provides the answer to priority in such cases, this does not contradict its earlier recognition of Section 9-317's priority rules, it simply, to use the Bankruptcy Court's term, "reinforces" the U.C.C. priority rule. The answer, in this case, can be found in both Section 9-317 and the common law.

14

certificate of title, as he must under the law of this jurisdiction[7] and every state in the nation, and it is "outstanding" the creditor will be subordinate to other liens, as they are defined in Section 50-1201(f), by operation of Section 50-1202 which provides that "[d]uring the time a certificate is outstanding for any motor vehicle...no lien against such motor vehicle...shall be valid except as between the parties and as to other persons having actual notice, unless and until entered on such certificate..."  Regardless of whether a judicial lien, acquired after common law perfection of the creditor's lien, is affected by the subsequent notation of the creditor's lien on the certificate of title, it is certain that unless such a notation exists other subsequent non-judicial liens will certainly have priority under Sections 50-1202 and 1203.   It is not rational that a creditor would simply rely on the interim, pre-certificate of title, common law perfection to protect its interest.  This self-interest of the creditor provides a sure limit to the open ended term of the common law perfection that Trustee fears the Court's reasoning might lead to.

Finally, the Trustee refers to <u>Albert v. Nissan Motor Acceptance Corp. (In re Waiters)</u>, Civil No. 02-1588 (RWR) (D.D.C. July 12, 2004).  It seems that both parties to this litigation as well as the Bankruptcy Court disagree with the District Court's "apparent view" that a certificate can be outstanding before it is issued.  However, the Trustee, unlike BMW Bank and the Bankruptcy Court,

---

[7]    Section 50-1501.2(c)(3) provides that registration of a motor vehicle in the District requires that the owner have a valid certificate of title.  It, of course, is illegal to operate a motor vehicle in the District without registration.    Under Section 50-1501.1(3) the conditional vendee who has right of possession of the motor vehicle under a conditional sale agreement, as here, is deemed to be the owner.

15

agrees with the ultimate disposition of that case - that the creditor's security interest was not perfected. BMW Bank disagrees with the Trustee's position that the Bankruptcy Court's arguments and conclusions, unlike the <u>Waiters</u> court's, are not in accord with statutes in the District such as Sections 9-308, 9-311 and 50-1202. Instead, the Court, applying the plain language of the statutes, especially Section 50-1202, has closed a gap in the statutory scheme that comports with common law principles concerning perfection of security interests and complements the legislature's method of perfection of security interests in motor vehicles.

<u>Conclusion</u>

For the foregoing reasons, BMW Bank respectfully requests that the Court affirm the Bankruptcy Court's grant of summary judgment in favor of defendant, BMW Bank of North America.

Respectfully submitted,

/s/      Ronald G. DeWald

_____

Ronald G. DeWald  #00564
LIPSHULTZ AND HONE, CHARTERED
Suite 108 - Montgomery Center
8630 Fenton Street
Silver Spring, Maryland 20910
(301) 587-8500
**Attorneys for Creditor,**
**BMW Bank of North America**

16

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Brief of BMW Bank of North America was mailed, via first class mail, postage prepaid, this 19th day of August, 2005 to:

Kevin R. McCarthy, Esquire
McCARTHY & WHITE, PPLC
8180 Greensboro Drive, Suite 875
McLean, Virginia  22102
**Trustee**

U.S. Trustee
115 S. Union St., Suite 210
Alexandria, Virginia 22314

/s/      Ronald G. DeWald
_____
Ronald G. DeWald  #00564

17