UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | : | |
| PHILIP WAYNE DORTON | : | Chapter 7 |
| Debtor | : | |

**************************************************************************

| | | |
|---|---|---|
| KEVIN R. McCARTHY | : | |
| Appellant | : | |
| vs. | : | Case No. 1:05-cv-01409 |
| BMW BANK OF NORTH AMERICA | : | Judge Gladys Kessler |
| Appellee | : | |

**************************************************************************

# ADDENDUM CONTAINING STATUTES CITED

## Certificate of Title Statutes

<u>**Arizona,**</u>

The following, other than a lien dependent on possession, are not valid against the creditors of an owner acquiring a lien by levy or attachment or against subsequent purchasers or encumbrancers without notice until the requirements of this article are met:

1. Any security agreement, conditional sale contract, conditional lease, chattel mortgage or other lien or encumbrance.

2. A title retention instrument or any other instrument affecting or evidencing title to, ownership of or reservation of title to a vehicle required to be titled and registered under §§ 28-2153 or a mobile home required to be titled under §§ 28-2063.

3. A contract for conveyance of real property, deed of trust or mortgage securing a lien on a mobile home and on real property.

A.R.S. §§ 28-2131

**B.** The filing and issuance of a new certificate of title as provided in this article is constructive notice to creditors of the owner or to subsequent purchasers of all liens and encumbrances against the vehicle described in the certificate of title, except those that are authorized by law and that are dependent on possession. If the documents referred to in this article are received and filed in a registering office of the department within ten days after the date of their execution, the constructive notice dates from the time of execution. Otherwise, the notice dates from the time of receipt and filing of the documents by the department as shown by its endorsement.

**C.** The method provided in subsection B of this section for giving constructive notice of a lien or encumbrance on a vehicle required to be titled and registered under §§ 28-2153 or a mobile home required to be titled under §§ 28-2063 is exclusive, except for liens dependent on possession. A lien, encumbrance or title retention instrument or document that evidences any of them and that is filed as provided by this article is exempt from the provisions of law that otherwise require or relate to the recording or filing of instruments creating or evidencing title retention or other liens or encumbrances on vehicles of a type subject to registration under this chapter.

A.R.S. §§ 28-2133

Addendum 1

**Arkansas,**

No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a vehicle, of a type subject to registration under the laws of this state other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances, with or without notice, until the requirements of this subchapter have been complied with.

A.C.A. §§ 27-14-801

(a) The filing and issuance of a new certificate of title as provided in this chapter shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, subsequent purchasers, and encumbrancers, except those liens as may be authorized by law dependent upon possession.

(b)(1) In the event the documents referred to in §§ 27-14-802 are received and filed in the office within thirty (30) days after the date the documents were executed, the lien is deemed to have been perfected on the date of the execution of the documents.

(2) Otherwise, constructive notice shall date from the time of receipt and filing of the documents by the office as shown by its endorsement thereon.

A.C.A. §§ 27-14-805

**Colorado,**

(1) Except as provided in this section, the provisions of the "Uniform Commercial Code", title 4, C.R.S., relating to the filing, recording, releasing, renewal, and extension of chattel mortgages, as the term is defined in section 42-6-102(6), shall not apply to motor vehicles. Any mortgage or refinancing of a mortgage intended by the parties to the mortgage or refinancing to encumber or create a lien on a motor vehicle, or to be effective as a valid lien against the rights of third persons, purchasers for value without notice, mortgagees, or creditors of the owner, shall be filed for public record. The fact of filing shall be noted on the owner's certificate of title or bill of sale substantially in the manner provided in section 42-6- 121. The filing of a mortgage with an authorized agent substantially in the manner provided in section 42-6-121 shall constitute notice to the world of each and every right of the person secured by such mortgage. Such notice shall be effective on the date accepted as noted on the certificate of title.

Addendum 2

C.R.S.A. §§ 42-6-120

The holder of any chattel mortgage on a motor vehicle desiring to secure the rights provided for in this part 1 and to have the existence of the mortgage and the fact of the filing of the mortgage for public record noted in the filing of the certificate of title to the encumbered motor vehicle shall present the signed original or signed duplicate original of said mortgage or copy thereof certified by the holder of the mortgage or the holder's agent to be a true copy of the signed original mortgage and the certificate of title or application for certificate of title to the motor vehicle encumbered to the authorized agent of the director in the county or city and county in which the mortgagor of such motor vehicle resides or where the property is located. The filings may be either with paper documents or electronically. Said mortgage or refinancing of a mortgage shall state the name and address of the debtor, the name of the secured party or name of the secured party's assignee, a complete description of the vehicle, including vehicle identification number and color, and the amount of the mortgage. Upon the receipt of said electronic or original or duplicate mortgage or certified copy thereof and certificate of title or application for certificate of title, the authorized agent, if satisfied that the vehicle described in the mortgage is the same as that described in the certificate of title or filed title, shall file within the director's authorized agent's motor vehicle database notice of such mortgage or lien in which shall appear the day and hour on which said mortgage was received for filing, the name and address of the mortgagee named and the name and address of the holder of such mortgage, if such person is other than the mortgagee named, the amount secured by the vehicle, the date of the mortgage, the day and year on which said mortgage was filed for public record, and such other information regarding the filing of the mortgage in the office of the director's authorized agent as may be required by the director by rule. The director's authorized agent shall electronically transmit, when the director's authorized agent uses an electronic filing system, the certificate of title, application for certificate of title, and mortgage information to the database of the director for maintenance of a central registry of motor vehicle title information pursuant to section 42-6-147. A mortgage is deemed to be a signed original or a signed duplicate original if the signature appearing on a certificate of title or application for certificate of title was affixed personally by the mortgagor or the mortgagor's attorney-in-fact, in ink, in carbon, or by any other means. For purposes of liens created pursuant to section 14-10-122(1.5), C.R.S., the lien shall contain the information set forth in this section as well as any such additional information required in section 14-10-122(1.5)(f), C.R.S.

C.R.S.A. §§ 42-6-121

**<u>Delaware,</u>**

Liens or encumbrances on a motor vehicle properly set out in the application for a certificate of title, whereby any such liens or encumbrances are sought to be secured on a motor vehicle, shall for all purposes be valid from the date of the issuance of the certificate of title. If there is more than one such lien on any one motor vehicle, then such liens shall have priority according to the dates of the application as evidence of such claims. Such liens and encumbrances entered upon the certificate of title and recorded in the lien register shall be notice to all creditors of whatever description that such liens or encumbrances exist against the motor vehicle.

DE ST TI 21 §§ 2337

**Florida,**

(1) Each lien, mortgage, or encumbrance on a motor vehicle or mobile home titled in this state shall be noted upon the face of the Florida certificate of title or on a duplicate or corrected copy thereof, as provided by law; however, this section does not apply to any security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other like instrument covering any motor vehicle or mobile home floor plan stock of any licensed dealer. Except for the recording of liens upon motor vehicles or mobile homes for which no Florida certificates of title have been issued as provided in subsection (3), the department shall not be a recording office for liens on motor vehicles or mobile homes.

(2) No lien for purchase money or as security for a debt in the form of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument or any other nonpossessory lien, including a lien for child support, upon a motor vehicle or mobile home upon which a Florida certificate of title has been issued shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien has been filed in the department and such lien has been noted upon the certificate of title of the motor vehicle or mobile home. Such notice shall be effective as constructive notice when filed. The interest of a statutory nonpossessory lienor; the interest of a nonpossessory execution, attachment, or equitable lienor; or the interest of a lien creditor as defined in s. 679.1021(1)(zz), if nonpossessory, shall not be enforceable against creditors or subsequent purchasers for a valuable consideration unless such interest becomes a possessory lien or is noted upon the certificate of title for the subject motor vehicle or mobile home prior to the occurrence of the subsequent transaction. Provided the provisions of this subsection relating to a nonpossessory statutory lienor; a nonpossessory execution, attachment, or equitable lienor; or the interest of a lien creditor as defined in s. 679.1021(1)(zz) shall not apply to liens validly perfected prior to October 1, 1988.

(b) As applied to a determination of the respective rights of a secured party under this chapter and a lien creditor as defined by s. 679.1021(1)(zz), or a nonpossessory statutory lienor, a security interest under this chapter shall be perfected upon the filing of the notice of lien with the department, the county tax collector, or their agents. Provided, however, the date of perfection of a security interest of such secured party shall be the same date as the execution of the security agreement or other similar instrument if the notice of lien is filed in accordance with this subsection within 15 days after the debtor receives possession of the motor vehicle or mobile home and executes such security agreement or other similar instrument. The date of filing of the notice of lien shall be the date of its receipt by the department central office in Tallahassee, if first filed there, or otherwise by the office of the county tax collector, or their agents.

(5) All liens, mortgages, and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the department. However,

Addendum 4

the lien shown on the application for original certificate of title shall take priority over all liens or encumbrances filed subsequent to the date shown on such application. Exposure for sale of any motor vehicle or mobile home by the owner thereof, with the knowledge or with the knowledge and consent of the holder of any duly noted lien, mortgage, or encumbrance thereon, shall not render the same void or ineffective as against the creditors of such owner or holders of subsequent liens, mortgages, or encumbrances upon such motor vehicle or mobile home.

West's F.S.A. §§ 319.27

**Hawaii,**

(e) Until the director of finance has issued the new certificate of registration and certificate of ownership as in subsection (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed, and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose, notwithstanding any provision of the Uniform Commercial Code; provided that a security interest in a motor vehicle shall be perfected as provided in the Uniform Commercial Code, section 490:9-311 and that the validity, attachment, priority, and enforcement of such security interest shall be governed by Article 9 of the Code.

HI ST §§ 286-52

**Idaho,**

1) No lien or encumbrance on any vehicle registered under the laws of this state created subsequent to December 31, 1986, irrespective of whether such registration was effected prior or subsequent to the creation of the lien or encumbrance, shall be perfected as against creditors or subsequent purchasers or encumbrancers without notice until the holder of the lien or encumbrance, or his successor, agent or assignee, has complied with the requirements of section 49-504, Idaho Code, and has filed the properly completed title application and all required supporting documents with the department or an agent of the department.

When the holder of a lien or encumbrance, his successor, agent or assignee, has filed with the department or agent of the department a properly completed title application and supporting documents as required by section 49-504, Idaho Code, it shall be the duty of the department or agent of the department to file the same, indorsing on the title application the date of the creation of the lien or encumbrance. A lien is perfected as of the time of its creation if the transaction is notarized and if the filing is completed with the department or an agent of the department within twenty (20) calendar days thereafter; otherwise, as of the date of the filing with the department or an agent of the department. If the title application is incomplete or if the supporting documents are incomplete or missing, the title application and supporting documents as submitted will be returned to the lienholder or his successor, agent or assignee for correction and, if the application is not resubmitted in a complete form, including completed supporting documents, to the department or to the agent of the department within twenty (20) days of their having been returned to the lienholder or his successor, agent or assignee, the original date of receipt by the

Addendum 5

department or agent of the department shall be void.

When the department is satisfied as to the genuineness and regularity of the documents submitted, it shall issue a new certificate of title or create a paperless electronic record of the title and lien filing when substantiated by a written agreement as provided in section 49-505, Idaho Code. The title shall contain the name of the owner of the vehicle, the name and address of each holder of a lien or encumbrance, and a statement of all liens or encumbrances which have been filed with the department, together with the date of each lien or encumbrance and the date received by the department or agent of the department. The filing of a lien or encumbrance and the notation of it shall be a condition of perfection and shall constitute constructive notice of the lien or encumbrance and its contents to creditors and subsequent purchasers and encumbrancers. All liens or encumbrances so filed with the department shall be perfected and take priority according to the order in which the same are noted upon the certificate of title or entered into the electronic records of the department.

ID ST §§ 49-510

**Indiana,**
(b) If a lien or an encumbrance appears on the vehicle, the bureau shall deliver the certificate of title to the person named to receive the certificate of title in the application for the certificate of title.

IC 9-17-2-11

**Iowa,**
1. A security interest in a vehicle subject to registration under the laws of this state or a mobile home or manufactured home, except trailers whose empty weight is two thousand pounds or less, and except new or used vehicles held by a dealer or manufacturer as inventory for sale, is perfected by the delivery to the county treasurer of the county where the certificate of title was issued or, in the case of a new certificate, to the county treasurer where the certificate will be issued, of an application for certificate of title which lists the security interest, or an application for notation of security interest signed by the owner or by one owner of a vehicle owned jointly by more than one person, or signed through electronic means as determined by the department, or a certificate of title from another jurisdiction which shows the security interest, and payment of a fee of ten dollars for each security interest shown. The department shall require the federal employer identification number of a secured party who is a firm, association, or corporation or, if a natural person, the social security number. Upon delivery of the application and payment of the fee, the county treasurer shall note the date of delivery on the application. If the delivery is by electronic means and the time is electronically recorded on the application along with the date, the time shall be included with the date on all subsequent documents and records where the date of perfection is required under this chapter. The date of delivery shall be the date of perfection of the security interest in the vehicle, regardless of the date the security interest is noted on the certificate of title. Up to three security interests may be perfected against a vehicle and shown on an Iowa certificate of title. If the owner or secured party is in possession of the certificate of title, it must also be delivered at this time. If a vehicle is subject to a security interest when brought

into this state, the validity of the security interest and the date of perfection is determined by section 554.9303. Delivery as provided in this subsection constitutes perfection of a security interest on a certificate of title for purposes of this chapter and chapter 554.

2. Upon receipt of the application and the required fee, if the certificate of title was not delivered to the county treasurer along with the application, the county treasurer shall notify the holder of the certificate of title to deliver to the county treasurer, within five days from the receipt of notice, the certificate of title to permit notation of the security interest. If the holder of the certificate of title fails to deliver it within five days, the holder shall be liable to anyone harmed by the holder's failure.

3. Upon receipt of the application, the certificate of title, if any, and the required fee, the county treasurer shall note the security interest and the date of perfection of the security interest on the certificate of title. The county treasurer shall also note the security interest and the date of perfection of the security interest in the county records system. Upon receipt of a certificate of title issued by a foreign jurisdiction, on which a security interest has been noted, the county treasurer shall note the security interest and the date the security interest was noted on the foreign certificate of title, if available, or if not, the date of issuance of the foreign certificate of title, on the face of the new certificate of title. The county treasurer shall also note the security interest and the date that was noted on the certificate of title in the county records system. The county treasurer shall then deliver the certificate of title to the first secured party as shown thereon.

I.C.A. §§ 321.50

**Kansas,**

(a) Whenever there is an arrearage in payment of an order of support in an amount equal to or greater than the amount of support payable for one month, a lien shall arise by operation of law upon certain personal property of the obligor. The lien may be perfected as follows:

(1) In the case of a vehicle, the secretary may perfect a lien on the vehicle by filing a notice of lien with the division of vehicles of the department of revenue. The perfection of the lien shall not be in effect until the notation of the lien is actually placed upon the certificate of title for the vehicle. The notice shall be in a form prescribed by the division, or on a federal form as required by title IV-D, and shall contain a description of the vehicle, the name and address of the obligee or secretary, the name and last known address of the obligor and any other information required by the division. The notice shall state the amount of the arrearage and that the arrearage is equal to or greater than the amount of support payable for one month. A copy of the notice of lien shall be sent by first-class mail to the obligor at the obligor's last known address.

KS ST §§ 23-4,146

Addendum 7

**Nebraska,**

(1) The provisions of article 9, Uniform Commercial Code, shall never be construed to apply to or to permit or require the deposit, filing, or other record whatsoever of a security agreement, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or similar instrument or any copy of the same covering a motor vehicle. Any mortgage, conveyance intended to operate as a security agreement as provided by article 9, Uniform Commercial Code, trust receipt, conditional sales contract, or other similar instrument covering a motor vehicle, if such instrument is accompanied by delivery of such manufacturer's or importer's certificate and followed by actual and continued possession of the same by the holder of such instrument or, in the case of a certificate of title, if a notation of the same has been made by the county clerk or the Department of Motor Vehicles on the face thereof, shall be valid as against the creditors of the debtor, whether armed with process or not, and subsequent purchasers, secured parties, and other lienholders or claimants but otherwise shall not be valid against them, except that during any period in which a motor vehicle is inventory, as defined in section 9-102, Uniform Commercial Code, held for sale by a person or corporation that is licensed as provided in Chapter 60, article 14, and is in the business of selling motor vehicles, the filing provisions of article 9, Uniform Commercial Code, as applied to inventory, shall apply to a security interest in such motor vehicle created by such person or corporation as debtor without the notation of lien on the instrument of title. A buyer at retail from a licensed dealer of any vehicle which is subject to Chapter 60, article 14, in the ordinary course of business shall take such vehicle free of any security interest.

(2) Subject to subsection (1) of this section, all liens, security agreements, and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the county clerk or the Department of Motor Vehicles. Exposure for sale of any motor vehicle by the owner thereof with the knowledge or with the knowledge and consent of the holder of any lien, security agreement, or encumbrance on such motor vehicle shall not render the same void or ineffective as against the creditors of such owner or holder of subsequent liens, security agreements, or encumbrances upon such motor vehicle.

(3) The holder of a security agreement, trust receipt, conditional sales contract, or similar instrument, upon presentation of such instrument to the department, if the certificate of title was issued by the department, or to any county clerk together with the certificate of title and the fee prescribed by section 60-115, may have a notation of such lien made on the face of such certificate of title. The county clerk or the department shall enter the notation and the date thereof over the signature of such officer or deputy and the seal of office. If noted by a county clerk, he or she shall on that day notify the department which shall note the lien on its records. The county clerk or the department shall also indicate by appropriate notation and on such instrument itself the fact that such lien has been noted on the certificate of title.

(4) A transaction does not create a sale or a security interest in a motor vehicle merely because it provides that the rental price is permitted or required to be adjusted under the agreement either upward or downward by reference to the amount realized upon sale or other disposition of the motor vehicle.

(5) The county clerk or the department, upon receipt of a lien instrument duly signed by the owner in the manner prescribed by law governing such lien instruments together with the fee prescribed for notation of lien, shall notify the first lienholder to deliver to the county clerk or the department, within fifteen days from the date of notice, the certificate of title to permit notation

of such junior lien and, after such notation of lien, the county clerk or the department shall deliver the certificate of title to the first lienholder. The holder of a certificate of title who refuses to deliver a certificate of title to the county clerk or the department for the purpose of showing a junior lien on such certificate of title within fifteen days from the date when notified to do so shall be liable for damages to such junior lienholder for the amount of damages such junior lienholder suffered by reason of the holder of the certificate of title refusing to permit the showing of such lien on the certificate of title.

NE ST §§ 60-110

**Nevada,**

1. When a new vehicle is sold in this state for the first time, the seller shall complete and execute a manufacturer's certificate of origin or a manufacturer's statement of origin and, unless the vehicle is sold to a licensed dealer, a dealer's report of sale. The dealer's report of sale must be in a form prescribed by the Department and must include:


(a) A description of the vehicle;


(b) The name and address of the seller; and


(c) The name and address of the buyer.


2. If, in connection with the sale, a security interest is taken or retained by the seller to secure all or part of the purchase price, or a security interest is taken by a person who gives value to enable the buyer to acquire rights in the vehicle, the name and address of the secured party or his assignee must be entered on the dealer's report of sale and on the manufacturer's certificate or statement of origin.

N.R.S. 482.423

**New Jersey**,

A. The purchaser of a motor vehicle in this State, other than a dealer licensed pursuant to the provisions of R.S. 39:10-19, shall, within 10 working days after its purchase, submit to the director evidence of the purchase. Upon presentation to the director of the certificate of origin, or certificate of ownership, or bill of sale issued prior to October 1, 1946, with proper assignment and certification of the seller, a record of the transaction shall be made and filed. A certificate of ownership shall be issued by the director and delivered to the buyer, in case of a sale not subject to a security interest, and the director shall collect a fee of $20 for the issuance and filing thereof.

Addendum 9

B. In the case of a sale subject to a security interest, a certificate of ownership, with the name and address of the holder of the encumbrance or secured party or his assignee recorded thereon, shall be delivered to the holder of the encumbrance or secured party or his assignee and a copy thereof shall be delivered to the buyer. The director shall collect a fee of $30 for his services in issuing a certificate and copy thereof, and for making a record of and filing the record of the transaction, pursuant to this subsection.

C. Except as hereinafter in this section otherwise expressly provided, whenever a security interest is created in a motor vehicle, other than a security interest which is required to be noted on the certificate of origin or the certificate of ownership, as provided in R.S. 39:10-8 and R.S. 39:10-9, there shall be filed with the director the certificate of ownership of the motor vehicle, together with a financing statement on a form prescribed by the director. The director shall make and file a record of the transaction and shall issue a certificate of ownership, recording the name and address of the secured party or his assignee thereon, and shall deliver it to the secured party or his assignee. A copy of the certificate of ownership so issued shall be delivered to the buyer. The director shall collect a fee of $20 for his services in issuing a certificate and copy thereof and for making a record of and filing the record of the transaction, pursuant to this subsection.

D. The financing statement required to be filed pursuant to subsection C. hereof shall be signed only by the buyer, shall not be required to be acknowledged or proved, and shall show, in addition to such matters as the director may require for the proper identification of the motor vehicle affected, the date of the security agreement, and the names and addresses of the parties thereto. Nothing in this section 39:10-11 contained shall be construed as requiring that the security agreement or a copy thereof, or any proof of execution thereof other than that contained in the financing statement, shall be presented to the director. When the buyer is a corporation, it shall be sufficient if the financing statement is signed by any officer thereof, or by any agent designated by the corporation for that purpose, and it shall not be necessary that the financing statement recite the authorization of the agent. When there is more than one buyer, it shall be sufficient if the financing statement is signed by any one of them.

E. Nothing in subsections C. and D. of this section shall apply to security interests in motor vehicles which constitute inventory held for sale, but such interests shall be subject to chapter 9 of Title 12A of the New Jersey Statutes, nor shall anything in the said subsections apply to interests in personal property subject to chapter 28 of Title 46 of the Revised Statutes.

Addendum 10

F. In addition to the fees elsewhere in this section provided for, there shall be paid to the director at the time a certificate of ownership is issued a fee of $10 for notice of satisfaction of the lien or encumbrance of the record or abstract, or of the termination of the security interest, where the motor vehicle is subject to a lien or encumbrance or a security interest as provided in R.S. 39:10-14.

G. Notwithstanding any other provision of this chapter, when any dealer licensed under the provisions of R.S. 39:10-19 is the purchaser of a motor vehicle in this State, he may, within 10 working days after its purchase, submit to the director the evidence of purchase. Upon presentation of the certificate of ownership with proper assignment and certification of the seller to the director, a record of the transaction shall be made and filed. A certificate of ownership shall be issued by the director and delivered to such purchaser, and the director shall collect a fee of $10 for the issuing and filing thereof.

If a dealer does not submit the evidence of purchase, upon resale of the motor vehicle he shall execute and attach to the certificate of ownership a dealer reassignment certificate. The director shall issue dealer reassignment certificates in lots upon payment of a fee of $10 for each certificate.

H. Any purchaser of a motor vehicle who fails to comply with the provisions of this section shall pay to the director a penalty of $25 plus the issuing and filing fee.

I. The failure of any person to comply with the requirements of this section shall not constitute a misdemeanor within the provisions of R.S. 39:10-24, nor shall such failure affect the validity of any instrument creating or reserving a security interest in a motor vehicle, as between the parties to such instrument.

J. The notation of the name and business or residence address of a secured party or his assignee, on the certificate of origin or on the certificate of ownership, as provided in R.S. 39:10-8 and R.S. 39:10-9, and the presentation to the director, in accordance with R.S. 39:10-11, of the certificate of origin or certificate of ownership so noted, and the compliance with the requirements of subsections C. and D. of R.S. 39:10-11 shall be in lieu of all filing requirements imposed by chapter 9 of Title 12A of the New Jersey Statutes and shall constitute the perfection of a security interest in the motor vehicle, and the rights and remedies of the debtors and the secured parties in respect to such security interest shall, except as otherwise expressly provided in this chapter, be subject to and governed by chapter 9 of Title 12A of the New Jersey Statutes.

N.J.S.A. 39:10-11

Addendum 11

**North Dakota,**

No security interest in a vehicle which is not inventory held for sale is valid as against subsequent purchasers and encumbrances of the property in good faith and for value unless the security interest is clearly indicated upon the certificate of title to the vehicle or unless such certificate of title is in the possession of the secured party. The term "vehicle" as used in this section includes any vehicle for which a certificate of title is required under title 39 or other statutes of this state.

ND ST 35-01-05.1

**Ohio,**

(B) Subject to division (A) of this section, any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants. All security interests, liens, mortgages, and encumbrances entered into the automated title processing system in relation to a particular certificate of title, regardless of whether a physical certificate of title is issued, take priority according to the order of time in which they are entered into the automated title processing system by the clerk. Exposure for sale of any motor vehicle by its owner, with the knowledge or with the knowledge and consent of the holder of any security interest, lien, mortgage, or encumbrance on it, does not render that security interest, lien, mortgage, or encumbrance ineffective as against the creditors of that owner, or against holders of subsequent security interests, liens, mortgages, or encumbrances upon that motor vehicle.

The secured party, upon presentation of evidence of a security interest to a clerk of a court of common pleas, together with the certificate of title if a physical certificate of title for the motor vehicle exists, and the fee prescribed by section 4505.09 of the Revised Code, may have a notation of the security interest made. Unless the secured party specifically requests the clerk not to issue a physical certificate of title and instead to issue an electronic certificate of title, the clerk shall issue, over the clerk's signature and seal of office, a new original certificate of title from the automated title processing records that indicates the security interest and the date of the security interest.

R.C. §§ 4505.13

**Oregon,**

1) Except as provided in subsection (5) of this section, the exclusive means for perfecting a security interest in a vehicle is by application for notation of the security interest on the title in accordance with this section. The application may accompany the application for a title or may be made separately at any time prior to issuance of title and must be accompanied by evidence of ownership as defined by the Department of Transportation by rule unless the department is in

possession of evidence of ownership when it receives the application. If title to the vehicle has been issued in a form other than a certificate, and the title reflects a security interest, the application for perfection shall include authorization from the previous security interest holder for the new security interest to be recorded on the title

O.R.S. §§ 803.097

**Pennsylvania**,

**c) Certificate as evidence and notice.--**A certificate of title issued by the department is prima facie evidence of the facts appearing on the certificate. The certificate shall be adequate notice to the Commonwealth, creditors, subsequent lienholders and purchasers that a lien against the vehicle exists. The printed name of the secretary shall constitute a signature on the certificate.

75 Pa.C.S.A. §§ 1106

**a) Perfection.--**A security interest in a vehicle titled in this Commonwealth is perfected at the time the department receives all of the following:

(1) A completed application specifying the lienholder's name and address. Program participants in the Address Confidentiality Program under 23 Pa.C.S. Ch. 67 (relating to domestic and sexual violence victim address confidentiality) may use a substitute address designated by the Office of Victim Advocate as their address.

(2) An amount equal to or greater than the fee required by section 1953 (relating to security interest).

(3) The manufacturer's statement of origin or the existing certificate of title for the vehicle.

**(b) Duty of a lienholder.--**If an additional security interest in a vehicle titled in this Commonwealth is being created by the owner of the vehicle and the certificate of title is in the possession of a lienholder, the lienholder shall, at the request of the owner, deliver the certificate of title to the person perfecting the security interest in the vehicle. Upon receipt of the certificate of title, the person perfecting the security interest in the vehicle shall deliver the certificate of title to the department in accordance with subsection (a).

**(c) Work identification number.--**Upon receipt of items required in subsection (a), the department shall assign or place a work identification number on each of the items. The first two numbers in the work identification number shall indicate the year in which the items were received. The next three numbers in the work identification number shall indicate the day of the year the items were received. The date indicated in the work identification number shall constitute conclusive evidence of the date of receipt and the date of perfection.

**(d) Delivery of certificate of title.**--Upon perfection of a security interest in a vehicle, the department shall issue a certificate of title with the names of the first two lienholders and indicate the number of additional lienholders existing at that time. The department shall mail the certificate of title to the first lienholder named in the certificate of title.

75 Pa.C.S.A. §§ 1132.1

<u>**South Dakota,**</u>

A security interest, mechanic's lien, or similar instrument other than a financing statement covering a motor vehicle, trailer, or semitrailer if notation of same has been made by the seller, buyer, owner, holder of the instrument, or an agent of the secretary on the manufacturer's statement of origin or the manufacturer's certificate of origin, or in the case of the certificate of title, if a notation of same has been made by the secretary, an agent of the secretary, or a county treasurer on the face thereof or if notation of same has been made by the seller, buyer, owner, holder of the instrument, or agent of the secretary on the reverse thereof, shall be valid against the creditors of the debtor, whether armed with process or not, and subsequent purchasers and other lien holders or claimants, but otherwise is not valid against them.

SDCL. §§ 32-3-41

<u>**Tennessee,**</u>

(a) Except as provided for manufactured homes complying with the requirements of part 138 of this chapter, a lien or security interest in a vehicle of the type for which a certificate is required shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees, and the holders of security interest and liens on the vehicle by compliance with this chapter.

(b)(1) A security interest or lien is perfected by delivery to the division of motor vehicles or the county clerk of the existing certificate of title, if any, title extension form, or manufacturer's statement of origin and an application for a certificate of title containing the name and address of the holder of a security interest or lien with vehicle description and the required fee.

(2) The security interest is perfected as of the date of delivery to the county clerk or the division of motor vehicles.

(3)(A) Notwithstanding any other law to the contrary, a second or other junior security interest or lien in a vehicle of the type for which a certificate of title is required shall not be considered perfected unless and until such lien or security interest is physically noted on the certificate of title for such vehicle. In the case of a second or other junior lien or security interest, there shall be no constructive notice of such second or other junior lien or security interest unless such is

physically noted on the certificate of title.

(B) Nothing in this subdivision (b)(3) shall have any effect on perfection and constructive notice concerning first liens.

(c) When the security interest is perfected as provided for in this section, it shall constitute notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrances, except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of first delivery of the request for the notation of the lien or encumbrance upon the certificate of title by either the division or the county clerk acting as agent for the division, as shown by its endorsements of the date of delivery on such document.

T. C. A. §§ 55-3-126

**Utah,**

The filing and the issuance of a new certificate of title under Sections 41-1a-602 and 41-1a-603 constitute constructive notice of all liens and encumbrances against the vehicle, vessel, and outboard motor to creditors of the owner and to subsequent purchasers and encumbrancers.

U.C.A. 1953 §§ 41-1a-604

If the documents referred to in Section 41-1a-602 are received and filed with the division within 30 days after the date the documents were executed, the constructive notice dates from the time of the execution of the documents; otherwise, constructive notice dates from the time of receipt and filing of the documents by the division as shown by its endorsement.

U.C.A. 1953 §§ 41-1a-605

**Virginia,**

When the Department receives an application for a certificate of title to a motor vehicle, trailer, or semitrailer showing security interests on the motor vehicle, trailer, or semitrailer, the certificate of title issued by the Department to the owner of the vehicle shall show all security interests disclosed by the application. All security interests shown on the certificate of title shall be shown in the order of their priority according to the information contained in the application.

Va. Code Ann. §§ 46.2-636

Security interests, other than those in inventory held for sale, in motor vehicles, trailers, or

semitrailers created by the voluntary act of the owner after the original issue of a certificate of title to the owner must be shown on the certificate of title. In such cases, the owner shall file an application with the Department on a form furnished for that purpose, setting forth the security interests and whatever additional information the Department may deem necessary. If satisfied that it is proper for the security interest to be recorded, when the certificate of title covering the motor vehicle, trailer, or semitrailer, is surrendered, the Department shall issue a new certificate of title, showing security interests in the order of their priority according to the date of the filing of the application. For the purpose of recording a subsequent security interest, the Commissioner may require any secured party to deliver to him the certificate of title. The new certificate shall be sent or delivered to the secured party from whom the prior certificate was obtained. Notwithstanding any other provision of law, a security interest in a motor vehicle, trailer, or semitrailer which is inventory held for sale shall be perfected only as provided in §§§§ 8.9A-401 through 8.9A-527.

Va. Code Ann. §§ 46.2-637

A certificate of title, when issued by the Department showing a security interest, shall be adequate notice to the Commonwealth, creditors, and purchasers that a security interest in the motor vehicle exists and the recording or filing of such creation or reservation of a security interest in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required. Motor vehicles, trailers or semitrailers, other than those which are inventory held for sale, registered or for which a certificate of title shall have been issued under this title shall not be subjected to, but shall be exempt from the provisions of §§§§ 8.9A-401 through 8.9A-527 and §§ 55-96 whether or not inventory held for sale shall be exempt from the provisions of §§ 55-152, [FN1] nor shall recordation or filing of such security interest, except a security interest in inventory held for sale in any other place for any other purpose, be required or have any effect.

Va. Code Ann. §§ 46.2-637

If application for the registration or recordation of a security interest to be placed on a motor vehicle, trailer, or semitrailer is filed with the Department, it shall be deemed perfected as of the date of filing, and, if the date of filing is within thirty days from the date of an applicant's purchase of the motor vehicle, trailer, or semitrailer, it shall be as valid as to all persons, including the Commonwealth, as if that registration had been accomplished on the day the security interest was acquired.

Va. Code Ann. §§ 46.2-637

The security interests, except security interests in motor vehicles, trailers and semitrailers which are inventory held for sale and are perfected under §§§§ 8.9A-401 through 8.9A-527, shown

Addendum 16

upon such certificates of title issued by the Department pursuant to applications for same shall have priority over any other liens or security interests against such motor vehicle, trailer, or semitrailer, however created and recorded. The foregoing provisions of this section shall not apply to liens for taxes as provided in §§ 58.1-3942, liens of keepers of garages to the extent given by §§ 43-32 and liens of mechanics for repairs to the extent given by §§ 43-33 if the requirements therefor exist, provided the garage keeper or mechanic furnishes the holder of any recorded lien who may request it with an itemized sworn statement of the storage charges, work done, and materials supplied for which the lien is claimed.

Va. Code Ann. §§ 46.2-637

## West Virginia

The division upon receiving an application for a certificate of title to a vehicle, trailer, semitrailer, pole trailer, factory-built home or recreational vehicle for which a certificate of title is required under article three of this chapter, all of which are hereinafter in this article referred to as vehicles, showing liens or encumbrances upon the vehicle, shall, upon issuing to the owner thereof a certificate of title therefor, show upon the face of the certificate of title all liens or encumbrances disclosed by the application. All liens or encumbrances shall be shown in the order of their priority being according to the information contained in the application. When an application shows liens and encumbrances, the information as evidence of the lien in connection therewith as the division may consider necessary shall also be furnished. The information shall include the name and address of the lienholder, the nature and kind of the lien, the date thereof and the amount thereby secured. However, only the name and address of the lienholder will be endorsed on the title certificate. Upon issuing the certificate, the division shall thereupon send or deliver it by either paper or electronic means to the holder of the first lien.

W. Va. Code, §§ 17A-4A-1

(a) A certificate of title, when issued by the division showing a lien or encumbrance, shall be considered from and after the filing with the division of the application therefor or the notice of lien authorized in section four of this article adequate notice to the state and its agencies, boards and commissions, to the United States government and its agencies, boards and commissions, to creditors and to purchasers that a lien against the vehicle exists. (b) Notwithstanding any other provision of this code to the contrary, and subject to the provisions of subsection (c) of this section, any lien or encumbrance placed on a vehicle by the voluntary act of the owner shall be void as against: (i) Any lien creditor who, without knowledge of the lien, acquires by attachment, levy or otherwise a lien thereupon, unless the lien or encumbrance is noted on the certificate of title, a filed application for certificate of title or the notice of lien authorized in section four of this article; and (ii) any purchaser who, without knowledge of the lien or encumbrance, purchases the vehicle, unless the lien or encumbrance is noted on the certificate of title, a filed application for certificate of title or the notice of lien authorized in section four of this article: Provided, That

a purchaser under this subsection who purchases the vehicle without knowledge of the lien or encumbrance and contemporaneously obtains actual physical possession of the vehicle and the certificate of title for the vehicle without the lien or encumbrance noted on the certificate of title, receives the vehicle free and clear of the lien or encumbrance.

(c) The creation and perfection of a lien against: (1) A vehicle held as inventory for sale by a registered dealer holding title by assignment; or (2) a vehicle for which a certificate of title has been issued and is held as inventory for lease by a vehicle rental agency or similar person engaged solely in the business of leasing vehicles in accordance with the provisions of article nine, chapter forty-six of this code shall be deemed adequate notice to the state and its agencies, boards and commissions, to the United States government and its agencies, boards and commissions, to creditors and to purchasers that a lien against the vehicle exists, subject to the provisions of section three hundred seven, article nine, chapter forty-six of this code, except that any lien or encumbrance on such a vehicle shall not be effective against the rights of any purchaser for value who purchases the vehicle primarily for personal, family, household or agricultural purposes unless such lien or encumbrance is recorded on the certificate of title or specified on the bill of sale.

W. Va. Code, §§ 17A-4A-3

a) A purchase money lien or encumbrance upon any vehicle shall be perfected on the date and at time of delivery to the division of motor vehicles of either the application for a certificate of title with all supporting documents, or a completed notice of lien form in a format determined by the division. The notice of lien form may be submitted to the division in paper format, facsimile or in any other electronic format approved by the division.

(b) If perfection occurs through the notice of lien form pursuant to subsection (a) of this section, an application for certificate of title must be received by the division of motor vehicles within sixty days after the date of purchase of the vehicle or refinancing of such purchase in order to maintain the perfected status of such lien or encumbrance. When an application is not filed within the time prescribed, the lien or encumbrance shall become unperfected on the sixty-first day following the purchase or refinancing date of the vehicle. If an application for a certificate of title is received by the division on or after the sixty-first day, the new perfection date for the lien or encumbrance is the date the application for a certificate of title is received by the division. Nothing in this section extends the sixty-day title application filing requirement of section four, article four of this chapter. The name and address of the lien holder shall be recorded on this title by the division in either electronic or paper format.

W. Va. Code, §§ 17A-4A-3

The liens shown upon a certificate of title issued by the department pursuant to applications for same shall have priority over any other liens against such vehicle, however created and recorded, except as otherwise provided in this article.

Addendum 18

W. Va. Code, §§ 17A-4A-3

**D.C. Code Statutes not Excerpted in Appellant's Addendum**

Unless displaced by the particular provisions of this subtitle, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions. The age of majority as it pertains to the capacity to contract is eighteen years of age

DC ST §§ 28:1-103

In the absence of agreement of all parties affected and in the absence of circumstances estopping a lienholder from insisting upon such rights, lien shall be entered on the certificate by the Recorder and shall have priority among themselves in the following order:

(1) If the motor vehicle or trailer has been previously titled or registered in this or some other jurisdiction, unsatisfied liens shown by the previous certificate, title, registry, or proof of ownership shall be entered in the order in which they appear on such previous certificate, title, registry, or proof of ownership.

(2) Liens for which instruments are presented with the application for the certificate.

(3) Liens, where the instruments are presented for recording, together with the certificate, irrespective of the fact that 1 or more instruments not entered on the certificate may have been previously presented for recording without such certificate.

(4) As between 2 or more instruments presented for recording without the certificate, the one first presented for recording shall have priority.

DC ST §§ 50-1203

As used in this subchapter:

(1) The term "motor vehicle" means any vehicle propelled by internal-combustion engine, electricity, or steam, including any non-operational vehicle that is being restored or repaired. The term "motor vehicle" shall not include road rollers, farm tractors, vehicles propelled only upon stationary rails or tracks, electric personal assistive mobility devices, as defined by §§ 50-2201.02(12), and battery-operated wheelchairs when operated by a handicapped person at speeds

Addendum 19

not exceeding 10 miles per hour.

(2) The term "person" means an individual, partnership, corporation, or association.

(3) The term "owner" means a person who holds the legal title to a motor vehicle or trailer the registration of which is required in the District of Columbia. If a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the condition stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of these regulations.

(4) The term "Director" means the Director of the Department of Transportation of the District of Columbia, including assistants or agents duly designated by the Mayor.

(5) The term "dealer" means any person engaged in the business of manufacturing, distributing, or dealing in motor vehicles or trailers.

(6) The term "public highway" means any road, street, alley, or way, open to use of the public, as a matter of right, for purposes of vehicular traffic.

(7) The term "trailer" means a vehicle without motor power intended or used for carrying property or persons and drawn or intended to be drawn by a motor vehicle, whether such vehicle without motor power carries the weight of the property or persons wholly on its own structure or whether a part of such weight rests upon or is carried by a motor vehicle.

(8) The term "farm tractor" means a motor vehicle designed and used primarily for drawing implements of agricultural husbandry.

(9) The term "pneumatic tire" means a tire inflated with compressed air.

(10) The terms "operate" and "operated" shall include operating, moving, standing, or parking any motor vehicle or trailer on a public highway of the District of Columbia.

(11) The term "historic motor vehicle" means any motor vehicle whose manufacturer's model year is at least 25 years old or any motor which is at least 15 years old and is a make of motor vehicle no longer manufactured; provided, that the motor vehicle has been or is being restored, preserved or maintained as an exhibition or collector's item because of its special historical value or significance, has not been substantially altered or modified from the manufacturer's original specifications and is used on the public highways for the transportation of passengers or property in conjunction with exhibitions, expositions, parades, tours, club activities, or similar activities or events, including transportation directly to or from such activities or events, but in no event used for general transportation. Motor vehicles which are less than 25 years old but which are 15 or more years old and which qualify as historic motor vehicles shall include but not be limited to the

following makes which are no longer manufactured: Kaiser, Hudson, DeSoto, Nash, Edsel, Studebaker and Packard.

DC ST §§ 50-1501.01

(a) Except as provided by §§ 50-1401.02, any motor vehicle or trailer operated in the District of Columbia shall be registered with the Department of Transportation by the owner of that motor vehicle or trailer.

(b)(1) Except as provided in subsections (d) and (e) of this section, a registration shall be valid for a period determined by the Mayor and shall expire at midnight of the last day of the designated period. During the 30-day period immediately preceding the date, as specified by the Mayor, on which registration expires, it shall be lawful to operate a motor vehicle or trailer registered for the ensuing registration year.

(2) The Mayor shall notify an owner of the expiration date of the owner's motor vehicle or trailer registration. The required notice shall be mailed to the named owner at the address of record at least 30 days prior to the date of expiration. If the Director does not deliver the notice as required, the first of any tickets issued for failure to display current registration for that registration period may be dismissed through mail or in-person adjudication.

(c) The Mayor shall issue a registration certificate and identification tag or tags for a motor vehicle or trailer to the owner of the motor vehicle or trailer, if the owner:

(1) Has applied for registration on a form supplied by the Mayor;

(2) Has paid all applicable fines, fees, and taxes for the motor vehicle or trailer pursuant to §§ 50-2301.05;

(3) Has a valid certificate of title in effect for the motor vehicle or trailer;

(4) Has a valid document issued by the District of Columbia attesting that the vehicle meets applicable District of Columbia vehicle inspection standards as of the date of the application; and

(5) Is domiciled in the District of Columbia; except that the person need not be domiciled in the District of Columbia if:

(A)(i) The owner is a partnership, corporation, association, or government entity;

(ii) The vehicle is housed in the District of Columbia;

Addendum 21

(iii) The vehicle is provided to an employee of the owner for his or her use;

(iv) The employee is domiciled in the District of Columbia; and

(v) The owner submits an affidavit affirming compliance with this paragraph and agreeing that the address on the registration certificate and in the Department of Motor Vehicles' records shall be the address of the operator and that the employee's address shall be considered the owner's address for the purpose of sending any notices required by any statute or regulation for that vehicle.

(B) The owner is a member of Congress and has a District of Columbia residence; or

(C) The owner is a lessor and the vehicle is leased to a person domiciled in the District of Columbia.

(d)(1) The Mayor shall issue annually, upon payment by a dealer of all applicable fees and taxes, dealer's registration certificates and identification tags bearing a distinguishing dealer's mark or symbol for the interchangeable use on motor vehicles and trailers;

(2) The Mayor shall issue, without charge, registration certificates and identification tags for all motor vehicles and trailers owned by the District of Columbia and the Washington Metropolitan Area Transit Authority;

(2A) The Mayor, through the issuance of rules, shall permit the use of vintage license plates on historic motor vehicles in place of historic motor vehicle license plates, provided that the plate is legible and corresponds to the year of the vehicle's make. The owner, through approval and registration of the vintage license plates, shall have the same rights, privileges, and obligations as if he or she had purchased new historic motor vehicle license plates. The rules promulgated pursuant to this paragraph, shall be issued no later than 90 days from March 26, 1999. The Mayor may impose a reasonable fee to carry out the provisions of this paragraph.

(3) The Mayor shall issue, without charge, registration certificates and identification tags for all motor vehicles and trailers officially used by any accredited representative of a foreign government;

(4)(A) The Mayor shall issue a duplicate registration certificate or identification tag or tags for any motor vehicle or trailer which is registered, upon proof satisfactory to the Mayor of the loss, mutilation, or destruction of the previously issued registration certificate or identification tags;

(B) The Mayor shall issue a dealer's proof of ownership certificate to any dealer upon application and upon proof of ownership as the Mayor may require; and

(C) A fee of $7 shall be paid for each duplicate registration certificate issued, a fee of $10 shall

be paid for each replacement tag issued, and a fee of $15 shall be for each dealer's proof of ownership certificate issued;

(5)(A) The Mayor shall issue, for a temporary period not to exceed 45 days, a special use certificate and special use identification tags bearing a distinguishing mark to the owner of a motor vehicle or trailer upon payment of the fee of $13;

(B) The Mayor shall issue a special use certificate and special use identification tags bearing a distinguishing mark to the owner of a motor vehicle or trailer, for the exclusive purpose of allowing that person to comply with the requirements of Chapter 11 of this title, upon payment of a fee of $13; and

(C) The issuance of a special use certificate and special use identification tags under this subsection shall not constitute a registration of a motor vehicle or trailer for any other purposes than herein provided.

(e)(1) Except as otherwise provided in this subsection, any registration shall expire upon the sale or other transfer of the motor vehicle or trailer to another owner;

(2) Any owner selling or otherwise transferring a motor vehicle or trailer may apply the unexpired portion of the existing registration to another motor vehicle or trailer belonging to that owner, upon payment of a fee of $5 plus any amount by which the registration fee for the newly registered motor vehicle or trailer, as computed under §§ 50-1501.03, exceeds the original registration fee paid;

(3) In the case of a joint ownership, the unexpired portion of the existing registration may be applied to another motor vehicle or trailer by any person who was formerly a party to the joint ownership upon the consent of all the former joint owners;

(4) The name of a spouse or domestic partner as defined in §§ 32-701(3) may be added as joint owner to the registration of a motor vehicle or trailer, subject to the applicable provisions of law relating to the titling of motor vehicles and trailers;

(5) Upon the death of a joint owner of a motor vehicle or trailer registered under this subchapter, the registration shall be transferred to the surviving joint owners upon the payment of a fee of $5; and

(6) When the only assets of a decedent's estate requiring administration consist of no more than 2 motor vehicles, the Mayor may transfer the title to the person or persons entitled thereto or to their nominee, upon proof satisfactory to the Mayor that all debts and taxes owed by the decedent have been paid or have been provided for. If any person entitled to the transfer of title hereunder shall be a minor, the custodian or the legal guardian of the minor may nominate transferees on

Addendum 23

behalf of the minor.

(f) In order to facilitate the identification and the regulation of motor vehicles and trailers operated in the District of Columbia the Mayor shall establish:

(1) The application forms for registrations and for special use certificates;

(2) The forms of registration certificates and special use certificates;

(3) The design of identification tags; and

(4) A program for keeping records of registration, issuance of special use certificates, and transfers of registrations.

(g) The Mayor shall issue rules:

(1) To implement this subchapter;

(2) To provide for the suspension or revocation of any registration issued to an owner or dealer who has violated any provision of this subchapter or Title 18, Chapters 4 and 5, DCMR, or who knowingly provides or obtains a counterfeit, stolen, or otherwise fraudulent temporary identification tag; and

(3)(A) To establish procedures for the immobilization or impoundment of a motor vehicle or trailer for which the registration has been suspended or revoked or which is not properly registered in accordance with this subchapter and Title 18, Chapters 4 and 5, DCMR; and

(B) To establish procedures for the recovery or removal of any registration certificate or identification tags issued under this subchapter and Title 18, Chapters 4 and 5, DCMR, from a motor vehicle or trailer for which the registration has been suspended or revoked or which is not properly registered in accordance with this subchapter and Title 18, Chapters 4 and 5, DCMR.

(C) To establish procedures for the seizure and forfeiture of a motor vehicle used with a counterfeit, stolen, or otherwise fraudulent temporary identification tag.

(h) The Mayor may amend Chapters 4 and 5 of Title 18 of the District of Columbia Municipal Regulations ("DCMR") and may establish dealer registration eligibility requirements that are more stringent than the business licensing requirements in Title 16 of the DMCR; provided, that the proposed rules shall be submitted to the Council for a 45-day period of review, excluding Saturdays, Sundays, holidays, and days of Council recess. If the Council does not disapprove the

Addendum 24

proposed rules by resolution, within the 45-day review period, the proposed rules shall be deemed approved. The Council may approve or disapprove the proposed rules by resolution prior to the expiration of the 45- day review period.".

(i) A dealer violating any provision of Chapters 4 or 5 of Title 18, DCMR, shall be subject to a fine of up to $1000. Notices of infractions shall be issued by the Mayor and adjudicated by the Department of Motor Vehicles, pursuant to Chapter 10 of Title 18, DCMR, and subject to following provisions:

(1) A notice of infraction shall be mailed to the dealer's address on record at the Department of Motor Vehicles, personally served on the dealer, or left with an employee at the dealer's place of business.

(2) A person to whom a notice of infraction has been issued must answer by either requesting a hearing or by paying the fine due within 30 calendar days of the date of receipt of the notice of infraction.

(3) If a person fails to answer the notice within the 30-day period, the person's dealer registration may be suspended until the person pays the fine amount due.

(4) An infraction pursuant to this subsection shall be established by the government by a preponderance of evidence.

DC ST §§ 50-1501.02

Addendum 25