UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*******************************************
In re:                                      *
                                            *
PHILIP WAYNE DORTON,                        *   Chapter 7
                                            *
        Debtor(s).                          *
*******************************************
                                            *
KEVIN R. McCARTHY, TRUSTEE,                 *
                                            *
                        Appellant,          *
                                            *
        vs.                                 *   Case No. 1:05-cv-01409
                                            *   Judge Gladys Kessler
BMW BANK OF NORTH AMERICA,                  *
                                            *
                        Appellee.           *
                                            *
*******************************************

**APPEAL FROM U.S. BANKRUPTCY COURT**

_____

**REPLY BRIEF OF APPELLANT**
_____

> Kevin R. McCarthy, No. 218149
> McCarthy & White, PLLC
> 8180 Greensboro Drive, Suite 875
> McLean, VA 22102
> (703) 770-9261
> Attorneys for Appellant, Kevin R. McCarthy, Trustee

Table of Contents

Table of Authorities                                                                                           i

Argument                                                                                                       1

    A.  BMW Bank's Argument That The District Of Columbia's      1
        DMV Statute Is Unique Is Irrelevant To The Question Of
        Whether The Statute Contains A Requirement That A Lender
        Must Perfect Under The Common Law In Order To Be
        Perfected Before The Certificate Of Title Is Issued.

    B.  BMW Bank's Arguments That Comment No. 5 To              3
        D.C. Code § 28:9-311 Has Nothing To Do With The District
        Of Columbia's DMV Statute, And That The Bankruptcy
        Court Properly Found A Common Law Perfection Requirement
        In The DMV Statute Consistent With UCC Priority Rules,
        Flow From The Incorrect Premise That What The DMV Statute
        Doesn't Say Is A Statutory Requirement.

Conclusion                                                                                                     4

Table of Authorities

STATUTES

D.C. Code § 28:9-311                                                                                           3

D.C. Code §§ 50-1201 *et. seq.*                                                                                1

U.C.C. § 9-311                                                                                                 2

i

ARGUMENT

A. <u>BMW Bank's Argument That The District Of Columbia's DMV Statute Is Unique Is Irrelevant To The Question Of Whether The Statute Contains A Requirement That A Lender Must Perfect Under The Common Law In Order To Be Perfected Before The Certificate Of Title Is Issued</u>.

BMW Bank's primary argument is that D.C. Code §§ 50-1201 *et. seq.* ("DMV Statute") is unique and therefore the unique result reached by the Bankruptcy Court is justified. BMW Brief at 2.[1] In support of this argument, BMW Bank says that other legislatures have provided that notation on the certificate of title is the exclusive method of perfection. BMW Brief at 4. From the statutes contained in the Appellee's Addendum Containing Statutes Cited, that does not appear to be at all true for Indiana, Kansas, or Nevada, although it is possible that BMW Bank simply omitted the correct statutory sections from its Addendum. Very few of the statutes contained in the Addendum Containing Statutes Cited use the word "exclusive." Most say, in effect, that a security interest in a car is perfected by notation of the certificate of title, without saying that there is no other way to perfect a security interest in a car. All, or nearly all, are worded differently from one another. Variations in the language of state titling laws appear to be commonplace. Therefore, it is not at all clear that the District of Columbia's DMV Statute is unique.

Even if the District of Columbia's DMV Statute were unique, however, the Bankruptcy Court's decision would have to be grounded in the language of the District of Columbia's <u>Uniform</u> Commercial Code, which is of course not unique, as to the priority issue, and in the

---

[1] ```
The Trustee believes BMW Bank's Brief was filed three days late
because the Trustee's own Brief of Appellant was served by ecf
as well as by mail, which meant there was a fifteen day response
period.  However, the Trustee was not prejudiced by the delay.
BMW Bank's Brief is well-written and does a good job of showing
the few, but significant, differences in how each side to this
appeal reads the pertinent statutes.
```

1

District of Columbia's DMV Statute as to the perfection issue.[2]  BMW Bank attempts to show that the Bankruptcy Court's decision is grounded in the language of the DMV Statute by pointing out the statute's eloquent silence (BMW Brief at 8), its "studied" silence (BMW Brief at 8, n. 4), its "reasonable implication" (BMW Brief at 9), its pointed silence (BMW Brief at 9, n.4), its contemplation (BMW Brief at 12), and its implicit provision (BMW Brief at 13).

The problem with this argument is that when a statute is silent about a situation the statute cannot really be said to have any "requirements" concerning the situation.  Yet <u>Uniform Commercial Code Section 9-311</u>, both in the District of Columbia and in every other jurisdiction, says that in order to perfect a security interest in a consumer-purchased car a lender must comply with the "requirements" of the applicable certificate of title statute—the District of Columbia's DMV Statute.  The Bankruptcy Court and BMW Bank have taken a situation (before issuance of the certificate of title) and a possibility (effect of the common law in that situation) neither of which is even mentioned in the DMV Statute (*i.e*, it is "silent") and concluded that the DMV Statute imposes "requirements" concerning the unmentioned situation and the unmentioned possibility.  This kind of statutory construction violates the "plain meaning" rule by making the word "requirement" mean, in effect, "not prohibited."  Similarly, statutory construction that characterizes an unexpressed <u>common law</u> principle as a <u>statutory</u> requirement eradicates the usual bright line distinction between what is common law and what is statutory law.  It is noteworthy that neither the Bankruptcy Court's decision nor BMW Bank's Brief cites any authority for statutory construction.

---

[2] See the Brief of Appellant at 14-16 for a discussion of how the UCC provides the priority rule and the DMV Statute provides the perfection rule in this context.  BMW Bank agrees.  BMW Brief at 11.

      B.  <u>BMW Bank's Arguments That Comment No. 5 To D.C. Code § 28:9-311 Has Nothing To Do With The District Of Columbia's DMV Statute, And That The Bankruptcy Court Properly Found A Common Law Perfection Requirement In The DMV Statute Consistent With UCC Priority Rules, Flow From The Incorrect Premise That What The DMV Statute Doesn't Say Is A Statutory Requirement</u>.

Given the premise of the Bankruptcy Court's decision and BMW Bank's Brief that the DMV Statute imposes a perfection requirement by not prohibiting application of the common rule priority rule before a certificate of title is issued, the Trustee is left with the impossible task of disproving a negative. But recognition of the proper premise—that perfection only occurs under the DMV Statute when there is compliance with what the statute itself says is required—makes it clear that the Trustee's task is not to disprove a negative. Instead, the Trustee need only point to the two statutes in question, the Uniform Commercial Code and the DMV Statute, and convince this Court that neither statute contains a provision for the perfection of a security interest under the common law during the period before a certificate of title is issued. In the Trustee's view, for the reasons already stated in this Reply Brief and in the Brief of Appellant, they clearly do not. Just reading the statutes is enough to show this.

BMW Bank's arguments that Comment No. 5 to D.C. Code § 28:9-311 has nothing to do with the District of Columbia's DMV Statute (BMW Brief at 10), and that the Bankruptcy Court properly found a common law perfection requirement in the DMV Statute (BMW Brief at 11), flow from the incorrect premise that the DMV Statute somehow imposes a perfection requirement by not expressly prohibiting application of the common rule priority rule during the period before a certificate of title is issued. The Trustee believes he has already adequately answered these arguments and shown why BMW Bank's premise is incorrect, both in this Reply Brief and, more fully, in the Brief of Appellant. In the end, this Court will have to decide whose reading of the Uniform Commercial Code and the DMV Statute better comports

with their meaning—the Trustee's reading, with its reliance on what the statutes say, or BMW Bank's, with its reliance on what the statutes do not say.

The Trustee believes it is noteworthy that in its Brief BMW Bank did not address the Trustee's argument that the Bankruptcy Court misconstrued the DMV Statute's exclusion for the creation and perfection of judicial liens as an exclusion for the priority of judicial liens. Compare Brief of Appellant at 14 with BMW Bank's Brief at 15. That (mis)construction was a significant underpinning of the Bankruptcy Court's reasoning, yet BMW Bank did not see fit to try to support it. As for the Trustee's argument that BMW Bank's construction of the DMV Statute makes no sense because it leads to the unlikely result of there being no time limit for an application for certificate of title, BMW Bank's only response is that the self-interest of the lender would cause the lender not to delay. But that is an extrinsic consideration having nothing to do with whether the language of the statute itself means what BMW Bank says it means.

## CONCLUSION

For the reasons stated above and in the Brief of Appellant, the Court should reverse the decision of the Bankruptcy Court.

          Respectfully submitted,

          /s/ Kevin R. McCarthy
          Kevin R. McCarthy, No. 218149
          McCarthy & White, PLLC
          8180 Greensboro Drive - Suite 875
          McLean, VA 22102
          (703) 770-9261
          Attorneys for Trustee

CERTIFICATE OF SERVICE

I hereby certify that on this 29$^{th}$ day of August, 2005 I mailed a copy of the foregoing to the following:

U.S. Trustee
115 S. Union St., Suite 210
Alexandria, VA 22314

Ronald G. DeWald, Esq.
Lipshultz & Hone, Chartered
8630 Fenton Street
Suite 108 - Montgomery Center
Silver Spring, MD 20910

/s/ Kevin R. McCarthy
Kevin R. McCarthy